**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02978-REB

MARIA L. GALLEGOS,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD  OF ATTORNEY'S
FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

**Blackburn, J.**

        The matter before me is **Plaintiff's Motion for Award of Attorney's Fees**

**Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#28],[1] filed June 3, 2014.  I

grant the motion.

        In this case, plaintiff appealed the Commissioner's decision denying plaintiff's

applications for disability insurance benefits and supplemental security income benefits.

I found that the ALJ committed both legal and factual errors at steps 4 and 5 of the

sequential evaluation.  I therefore reversed the disability determination and remanded to

the Commissioner for further proceedings.

        Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act

---

        [1]  "[#28]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the
> United States fees and other expenses . . . incurred by that
> party in any civil action. . ., including proceedings for judicial
> review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless
> the court finds that the position of the United States was
> substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]  As interpreted by the Supreme Court, "substantially

justified" means "'justified in substance or in the main' – that is, justified to a degree that

could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565, 108

S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there

is a "reasonable basis in both law and fact" for the Commissioner's position.  *Id*., 108

S.Ct. at 2550; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.), *cert. denied*, 116

S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than

merely undeserving of sanctions for frivolousness," *Pierce*, 108 S.Ct. at 2550, "a

position can be justified even though it is not correct, and we believe it can be

substantially (i.e., for the most part) justified if a reasonable person could think it correct,

that is, if it has a reasonable basis in law and fact," *id*. at 2550 n.2.  For this reason, a

finding that the Commissioner's position was not supported by substantial evidence

does not necessarily lead to a finding that the Commissioner's position was not

substantially justified.  *Hadden v. Bowen*, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

---

[2]  The Commissioner does not contest the assertion that plaintiff is a prevailing party for purposes
of the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993)
(party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing
party).

The Commissioner bears the burden of demonstrating that her position was substantially justified.  *Gilbert*, 45 F.3d at 1394.  I have discretion in determining whether this standard has been met.  *Pierce*, 108 S.Ct. at 2548-49; *Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified.  Instead, she merely rehashes the arguments this court previously found unavailing.  Given that the court specifically found that the ALJ failed to articulate good cause for the weight assigned to the various medical opinions of record, it is mystifying how the Commissioner can claim substantial justification on the basis of an "arguably defensible administrative record."  (**See Resp. Br.** at 5 (citing *Crawford v. Sullivan*, 935 F2d 655, 658 (4th Cir. 1991)).[3]  Moreover, that plaintiff did not prevail on all her alleged grounds of error is no answer to a finding that the denial of benefits nevertheless was unreasonable.  *See Hackett v. Barnhart*, 475

---

[3]  The *Crawford* court cited as authority for this proposition its prior decision in *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir. 1983). *See Crawford*, 935 F.2d at 658.  The *Guthrie* court recognized, however, that "[i]t is possible. . . for the administrative record to be so deficient that the government would not be substantially justified in relying on it."  *Guthrie*, 718 F.2d at 108.  Such is exactly the case here.

F.3d 1166, 1775 n.1 (10th Cir. 2007).[4]  The Commissioner therefore has failed to meet

her burden of proof on the issue of substantial justification.  Accordingly, plaintiff is

entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $9,368.38 representing 50.3

hours of attorney time.[5]  The Commissioner presents no argument that the total amount

of time expended or the total amount of fees requested are unreasonable.  Moreover,

my own experience suggests that the hours expended are reasonable and the fees

requested comparable to awards made under the EAJA in similar cases.  I therefore

find and conclude that plaintiff is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Motion for Award of Attorney's Fees Under the Equal
Access to Justice Act, 28 U.S.C. § 2412** [#28], filed June 3, 2014, is **GRANTED**; and

2.  That under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A),
plaintiff is **AWARDED** attorney fees of $9,368.38.

---

[4]  In *Hackett*, the Commissioner had prevailed on all but one issue raised on appeal, and yet the court nevertheless found that the plaintiff in that case was entitled to attorney fees.  *See Hackett*, 475 F.3d at 1773 & n.1.  Here, the grounds on which the Commissioner was upheld are substantially more narrow.

[5]  Plaintiff's request includes a request for an increase in the statutory rate to $186.36 per hour as a cost-of-living adjustment.  "Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA."  *Greenhill v. United States*,. 96 Fed. Cl. 771, 783 (Fed. Cl. 2001).  *See also Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *see also Payne v. Sullivan*, 977 F.2d 900, 903 & n.2 (4th Cir. 1992).  The Commissioner presents no argument suggesting that this case presents such an unusual circumstance, and the adjustment therefore will be applied in calculating plaintiff's award.

Dated October 6, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge